UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00083 |
| | ) | JUDGE CAMPBELL |
| SANCHEZ LEWAN BRADFORD | ) | |

## ORDER

Pending before the Court is the Defendant's Petition for Writ Of Error Coram Nobis Pursuant To 28 U.S.C. § 1651(A) (Docket No. 117), filed by the Defendant, pro se. The Government has filed a Response (Docket No. 119) in opposition. For the reasons set forth herein, the Petition is DENIED.

The Defendant pled guilty, pursuant to a Plea Agreement, to possession with intent to distribute a quantity of powder cocaine and marijuana, and 5 grams or more of cocaine base, or crack. (Docket Nos. 56, 57, 71). Through the Plea Agreement, the parties agreed that the Defendant qualified as a Career Offender under Sentencing Guideline Section 4B1.1(b)(B) because he had at least two prior felony drug convictions (Docket No. 57, at 6).

At sentencing, the Court declined the Defendant's request for a sentence outside the advisory sentencing guideline range, and sentenced the Defendant to a total sentence of 188 months. (Docket No. 72, at 10-14; Docket Nos. 66, 67). The Defendant appealed the conviction and sentence, and the appeals court affirmed the judgment. (Docket No. 73). The Defendant's sentence became final in 2011.

The Defendant subsequently filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the United States Sentencing Guidelines that implemented the Fair Sentencing Act of 2010 by lowering the base offense level for individuals convicted of offenses involving cocaine base. (Docket No. 75). The Court denied the motion, explaining that the Defendant's sentence was based on his status as a Career Offender rather than the quantity of cocaine base attributed to him. (Docket No. 93). The Defendant appealed that decision, and the Sixth Circuit affirmed. (Docket No. 99).

Among his other subsequent filings, the Defendant has sought a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines (Docket No. 109). The Court denied that Motion, also based on the Defendant's Career Offender status. (Docket No. 116).

Through the pending Petition, the Defendant seeks to rely on the writ of error coram nobis to challenge the prior convictions underlying his Career Offender designation.

Federal courts are authorized to issue a writ of error coram nobis by the All Writs Act, 28 U.S.C. § 1651(a). United States v. Denedo, 129 S.Ct. 2213 (2009); United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001). The writ is used to vacate an illegal sentence or conviction of a petitioner who is no longer in custody, and relief under 28 U.S.C. § 2255 is not available. Id.; Craven v. United States, 26 Fed. Appx. 417, 2001 WL 1590549 (6th Cir. Dec. 10, 2001). Even when a sentence has been fully served, the conviction may still increase penalties for subsequent convictions, and may affect civil rights. Kerkman v. United States, 200 Fed. Appx. 578, 2006 WL 2986406 (6th Cir. Oct. 18, 2006).

A petitioner seeking the issuance of the writ, however, bears a heavy burden:

> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character - e.g., errors rendering the proceedings themselves invalid. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

Johnson, 237 F.3d at 755.

Defendant Bradford fails to meet the first requirement for issuance of the writ because he has failed to establish that he is no longer in custody. Indeed, the Defendant's Petition indicates that his address is at FCI Memphis, and includes his inmate number. Accordingly, the Petition is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE