UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
 )
v. ) No.  3:09-00083
 ) JUDGE CAMPBELL
SANCHEZ LEWAN BRADFORD )

<u>MEMORANDUM AND ORDER</u>

I.  <u>Introduction</u>

Pending before the Court are various filings by the Defendant regarding application of

the recent Supreme Court decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) (Docket

Nos. 124, 126, 129, 135), and other matters, and the Government's Response (Docket No. 134).

For the reasons set forth herein, the Court concludes that the Defendant's claims are without

merit, and his requests for relief are denied.

II.  <u>Procedural Background</u>

The Defendant pled guilty, pursuant to a Plea Agreement, to possession with intent to

distribute marijuana, cocaine, and cocaine base. (Docket Nos. 56, 57, 71).  Through the Plea

Agreement, the parties agreed that the Defendant qualified as a Career Offender under

Sentencing Guideline Section 4B1.1 because he had at least two prior felony drug convictions

(Docket No. 57, at 6-7). The Presentence Investigation Report determined that the Defendant had

three qualifying felony drug convictions: (1) Possession of More Than 0.5 Grams of Cocaine for

Resale, Davidson County Criminal Court, Nashville, Tennessee, Case No. 97-C-1437 (sentence

date: November 10, 1997); (2) Possession of More Than 0.5 Grams of Cocaine for Resale,

Davidson County Criminal Court, Nashville, Tennessee, Case No. 2001-A-257 (sentence date:

April 26, 2001); and (3) Sale of Less Than 0.5 Grams of Cocaine, Davidson County Criminal

Court, Nashville, Tennessee, Case No. 2007-C-2186 (sentence date: November 28, 2007).

(Docket No. 69, at ¶ 20).

At sentencing, the Court determined that the Defendant was a Career Offender and that his sentencing range was 188 to 235 months of imprisonment. (Docket No. 72, at 3-4). The Court declined the Defendant's request for a sentence outside the advisory sentencing guideline range, and sentenced the Defendant to a total sentence of 188 months. (Docket No. 72, at 10-14; Docket Nos. 66, 67). The Defendant appealed the conviction and sentence, and the appeals court affirmed the judgment. (Docket No. 73).

## III.  Analysis

The Defendant requests that the Court apply the decision in Johnson to reduce his sentence. The Government argues that the Johnson decision does not apply because the Defendant's prior convictions were controlled substance offenses.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

(2) As used in this subsection–

\* \* \*

(B) the term "violent felony" means any crime punishable by
imprisonment for a term exceeding one year, or any act of juvenile
delinquency involving the use or carrying of a firearm, knife, or
destructive device that would be punishable by imprisonment for

2

such term if committed by an adult, that –

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*

(Emphasis added). The <u>Johnson</u> Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563. The Supreme Court has subsequently held that the <u>Johnson</u> decision applies retroactively on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016).

The Sixth Circuit has applied the <u>Johnson</u> decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).[1] <u>United States v. Pawlek</u>, 822 F.3d 902 (6th Cir. 2016).

---

[1] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

None of this authority applies to the Defendant's sentence, however, because his designation as a Career Offender is still supported by three prior convictions for "controlled substance offenses," rather than "crimes of violence." The <u>Johnson</u> decision does not call into question the definition of "controlled substance offense" under the Career Offender guideline. Accordingly, the Petitioner's <u>Johnson</u> claim is without merit.

The Petitioner also argues that his criminal history points were not calculated accurately. Assuming the Court had jurisdiction to consider such a challenge, the Defendant's argument provides him no relief. Once the Defendant was determined to qualify as a Career Offender, he was automatically placed in Criminal History Category VI, regardless of the number of criminal history points. U.S.S.G. § 4B1.1.

Finally, the Defendant moves to dismiss his Indictment because, he argues, it did not adequately describe his prior convictions. The Defendant has not established that the Court has jurisdiction to consider such an argument at this stage of his case.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).